## Morgalis's Estate.

*Practice, O. C.—Guardian and ward—Stepfather not proper guardian.*

A stepfather should not be appointed guardian of his wife's child by a former husband, in the absence of special circumstances.

Petition for appointment of guardian. O. C. Schuylkill Co.

*A. C. Nowakoski,* for petition.

WILHELM, P. J., March 6, 1922.—This is the application of Violet Morgalis, by her next friend, Antosia Matalavage, formerly Antosia Morgalis, mother of Violet Morgalis, for the appointment of Victor Matalavage, husband of the mother of the minor, and whose relation to the minor is that of stepfather, as guardian of Violet Morgalis.

Previous to the passage of the Fiduciaries Act of June 7, 1917, P. L. 447, the policy of the courts in this State was to refuse the appointment of a parent as guardian of the minor, and, in some instances, the courts declined to appoint those who stood in a parental relation to the minor. This practice of the courts was regarded as being so salutary that the Fiduciaries Act of 1917 excluded parents as being eligible as guardians for their children, because it was believed to be contrary to the policy of the law, and because near relatives are objectionable as guardians, the reason therefor being that affection and influence lead to breaches of trust and other evils.

It is possible that, in certain circumstances, one bearing a parental relation may properly be appointed a guardian, but the reason for the appointment of persons of close relationship to the minor ought to be such as would satisfy the court that the best interest of the minor would be served by such an appointment.

In the case at bar, no satisfactory reason has been presented for the appointment of a stepfather as guardian of this minor, and it should be refused.

The petition is dismissed.     From M. M. Burke, Shenandoah, Pa.